IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ESTELLA SERNA,

        Plaintiff,

                      No. 2:20-cv-00090-KRS-GBW

v.

FAMILY DOLLAR STORES OF
NEW MEXICO, INC., DANIELLE
NICHOLSON; and JANE AND
JOHN DOES 1-5;

        Defendants.

## ORDER GRANTING MOTION TO REMAND, REMANDING CASE TO STATE COURT, AND DENYING REMAINING PENDING MOTIONS AS MOOT

**THIS MATTER** comes before the Court on Plaintiff Estella Serna's motion to remand this case to state court. (Docs 6, 11). Other motions are also pending, but the Court must resolve the threshold question of jurisdiction first. Even though there is concededly no diversity of citizenship between the opposing sides, Defendants maintain that Defendant Danielle Nicholson was either improperly served, so her citizenship does not count; or fraudulently joined such that the Court may overlook her citizenship. Having considered the parties' submissions with their consent to conduct dispositive proceedings, the Court disagrees and remands the matter to state court. Because the Court remands the case, the remaining motions are moot.

### FACTS

On September 2, 2016, Serna "was seriously injured at Family Dollar Stores of New Mexico[.]" (Doc. 1-1, Am. Compl.). She slipped on liquid soap that had been spilled on the floor" as she walked down an aisle. (*Id.*). Serna injured her low back, left leg, and right leg, among other things. (*Id.*). She claims Defendants failed to exercise ordinary care in keeping the premises safe for her to use; to remedy a dangerous condition; and to warn Serna and others of

the dangerous condition. (*Id.*) Serna asks for compensation for her "physical injuries, emotional stress, physical impairment, pain and suffering, and medical expenses, all of which may continue in the future" She also asks for damages related to inability "to engage in normal family, social, recreational, and household service actives[.]" (*Id.*). Finally, Serna asserts that the store was admittedly understaffed, knew of the spilt soap, and deliberately disregarded it contrary to her and others rights. As a result, she asks for punitive damages. The only allegation against Danielle Nicolson is that she "may be liable for the damages and claims made herein." (*Id.*).[1]

Serna commenced this action in the Third Judicial District Court for Dona Ana County on January 31, 2019. Her single-count amended complaint alleges negligence against Family Dollar Stores of New Mexico, Inc., Danielle Nicholson, and John Does 1-5 as Defendants. Defendants removed this action on January 30, 2020 on the basis of diversity of citizenship. At the time of removal, Nicholson had not been served. It appears Nicholson was served on February 4, 2020 under the state rules, and Serna re-served Nicholson on April 21, 2020 after obtaining a summons from this Court.

## DISCUSSION

Federal courts are of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Where a federal question does not exist, the removing party must

---

[1] As analyzed more fully below, Serna's original complaint contained additional facts about Nicolson that her amended pleading did not include. In that document, Serna alleged Family Dollar failed to train its site manager, Nicolson, on "the reasonable inspection of floors in its store, provide adequate warning of dangerous conditions discovered and how to rectify such dangerous conditions on the premises." (Doc. 1, Compl., at 3). Further, Nicolson had "a duty to use reasonable care to ensure that the premises, including all routes of ingress and egress, were safe for visitors . . . regardless of whether a dangerous condition was obvious." Additionally, Serna claims, "Nicolson had a duty . . . to conduct reasonable inspections of the floors at the entry to the store, to warn visitors of any dangers discovered, and to take reasonable steps to rectify any dangerous conditions found." As a supervisor, Nicolson had a duty to train subordinate employees on "how conduct reasonable inspections of the floors, how to properly provide adequate warnings, how to properly remedy any dangerous conditions found as quickly as possible, to develop and implement reasonable procedures to ensure that inspections, warnings and cleanup of the premises occurred on a timely basis, and to ensure that employees had the time and equipment to adequately perform these tasks." According to the original complaint, Nicolson breached these duties.

demonstrate complete diversity of citizenship and an amount in controversy above $75,000. *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013). The parties do not contest two points. First, the amount in controversy is above the threshold. Second, Nicholson shares citizenship with Serna. Despite the obvious lack of diversity, Defendants claim Nicholson was not a party at the time of removal because she had not been served or, alternatively, Nicholson was fraudulently joined.

## I.     Service of Process

At the time of removal, Nicolson had not been served under state law. By the time she was served after removal, the Federal Rules of Civil of Civil Procedure governed and required service of a federal summons signed by the Clerk of Court. *See* Fed. R. Civ. P. 81(c). According to Defendants, the summons issued pursuant to state process did not comply with this requirement. It was only on April 13, 2020 that Nicholson was served with a complaint and federal summons.

Defendants are correct that the Court must generally look to the circumstances at the time of removal to determine the propriety of jurisdiction. But the federal courts that have considered whether a failure to serve a non-diverse defendant allows removal where the parties are otherwise diverse have determined service is an irrelevant consideration. *See Guidry v. Carrier Corp.*, 1992 U.S. Dist. LEXIS 7122 (E.D. La., May 4, 1992) ("[T]he mere fact that service has not yet been made upon the resident defendant is insufficient to allow a diverse defendant to remove"); *Aydell v. Sterns*, 677 F. Supp. 877, 879 (M.D. La. 1988) (same); *Thigpen v. Cheminova, Inc.*, 992 F. Supp. 864, 871 (S.D. Miss. 1997) ("The Court thus finds that, although the record reflects that [two defendants] have [now] been served, the Court need not take notice of that fact to find that this action was not removable from state court.").

Defendants do not cite any law from the Tenth Circuit, and the Court could find none, that makes service of process a dispositive factor in the removal analysis. It is well established that the Court must look to the face of a complaint to determine diversity jurisdiction. For that reason, the Eighth Circuit has held "the prevailing view is that the mere failure to serve a defendant who would defeat diversity jurisdiction does not permit a court to ignore that defendant in determining the propriety of removal." *Pecherski v. Gen. Motors Corp.*, 636 F.2d 1156, 1160 (8th Cir. 1981). Examining the amended complaint in this case, there is an absence of diversity that destroys this Court's jurisdiction regardless of service of process.

## II.     Fraudulent Joinder

To establish fraudulent joinder as an exception to the complete diversity rule, a removing defendant must demonstrate "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against [the defendant] in state court." *Long v. Halliday*, 768 F. App'x 811, 814 (10th Cir. 2019) (internal quotation marks and citation omitted). In analyzing fraudulent joinder, the Court holds the defendant to a "heavy burden" and resolves all "factual and legal issues . . . in favor of the plaintiff." *Id.* at 814. In other words, the defendant must prove "there is no possibility that [plaintiff] would be able to establish a cause of action against [the joined party] in state court." *Montano v. Allstate Indem.*, 2000 U.S. App. LEXIS 6852, at * 5 (10th Cir. Apr. 14, 2000) (internal citation and quotation marks omitted). To preserve the presumption against federal subject matter jurisdiction, "this standard is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6)[.]" *Id.* Indeed, whether a complaint states a cause of action "entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action was commenced." *Id*. The Court may look beyond the pleadings to determine whether a "possibly viable" claim exists, and

the defendant must show "with complete certainty upon undisputed evidence" the plaintiff's claim is an impossibility under the law.

Under this standard, Defendants have failed to show a claim against Nicholson is an impossibility. Although, arguably, the best way to ensure recovery is to plead a claim for premises liability against the corporate owner alone, nothing in New Mexico law prohibits suing an employee for his or her independent negligence that caused the accident. Defendants do not dispute this general rule but insist merely averring the potential for liability against Nicholson is not enough and, at best, Nicholson is a permissible, not indispensable party.

The Court is not persuaded. Admittedly, the allegations in Serna's amended complaint against Nicholson are threadbare. But the standard is not whether the complaint would survive a 12(b)(6) challenge. Instead, Defendants must prove no viable claims exist, which they cannot. In New Mexico, "every person has a duty to exercise ordinary care for the safety of the person and property of others" as dictated by the circumstances. N.M. Rules Ann., Civ. UJI 13-1604 (2011); *Calkins v. Cox Estates*, 792 P.2d 36. (N.M. 1990). According to the amended complaint, Serna slipped on spilt liquid soap in the Family Dollar. "Defendants" a term which presumably includes Nicholson, Serna alleges, failed to exercise ordinary care to keep the premises safe, to warn others of the unsafe condition, and to clean up the soap. While this statement might not necessarily meet the federal pleading standard, it does not render Serna's claim unviable. In other words, Defendants do not establish how Serna's claim is a legal impossibility.

Defendants' reliance on *McDaniel v. Loya*, 304 F.R.D. 617, 637 (D.N.M. 2015) does not change the outcome. In *McDaniel*, despite naming a non-diverse defendant and claiming the party was "properly named," the plaintiff's complaint set forth no claim. *Id.* The complaint also

affirmatively stated that the plaintiff's belief that the non-diverse defendant was actually negligent. *Id.* Thus, the court concluded "the joinder of a resident defendant against whom no cause of action is pled, or against whom there is in fact no cause of action, will not defeat removal." *Id.* (citation omitted). Here, Serna made no such concession. Moreover, she did plead a cause of action, even if in conclusory terms—negligence.

Even if more factual detail were required, the original complaint in this case, which is included in Defendants' notice of removal and part of the record the Court may consider, sets forth Nicholson's acts and omissions in adequate detail. As originally pleaded, Nicholson was a store manager generally responsible for ensuring the premises was safe by, among other things, inspecting the floors and all routes of ingress and egress for patron safety. Nicholson was also tasked with training staff on premises' inspections, remedying dangerous conditions, warning customers, and developing policies and procedures on, *inter alia*, store inspections. Nicholson's failure to do these things could amount to negligence under New Mexico law.

*Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004), which Defendants cite for the proposition that "diversity is not destroyed where there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant" actually confirms district courts may look beyond the operative compliant to assess the viability of a cause of action under state law. *Id.* "[W]here plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder" the Court may pierce the pleadings and conduct a summary inquiry. *Id.* Here, the basis for Serna's negligence claim against Nicholson is reasonably apparent in the amended complaint, and the original complaint contains the precise allegations of fact.

Contrary to Defendants' implication, the fact that Nicholson was in the course and scope of her employment does not mean she is immune from suit or an improper, dispensable party.[2] Defendants certainly do not cite authority for this proposition, and New Mexico law does not support it. The concept of "course and scope" speaks not to a limitation on liability but an imputation of employee fault to an employer. *See Ocana v. Am. Furniture Co.*, 91 P.3d 58, 70 (N.M. 2004) (explaining "[u]nder basic *respondeat superior* principles, an employer is liable for an employee's torts committed within the scope of his or her employment"). Thus, Nicholson is a viable party against whom a cognizable cause of action is asserted.   She was not fraudulently joined.

## CONCLUSION

For the reasons stated above, the Court lacks subject matter jurisdiction over this lawsuit. The failure to serve Nicholson as of  the time of removal, the failure to serve her under the requirements of the Federal (as opposed to New Mexico's) Rules of Civil Procedure, and the delay in ultimately serving with a federal summons and complaint do not change the fact that her naming in this lawsuit destroys federal diversity jurisdiction.  Moreover, Defendants have not demonstrated that Nicholson's joinder was fraudulent.  Although not perfectly alleged, Serna's amended complaint states a claim of negligence under New Mexico law and when read together with Serna's original pleading, the essential facts supporting the claim are clear.

---

[2] To the extent Defendants rely on *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008) that the "dispensability" of a party matters, that case contemplated in *dicta* the effect of later substituting a real, non-diverse party for a previously named "Doe" defendant. *Id.*   The Tenth Circuit reasoned there was no absolute right to join such a party, but if the Court in its discretion allowed the plaintiff leave to amend to substitute a "Doe" defendant and the new defendant destroyed diversity, the options available to the court could turn on whether the substituted party was indispensable, in which case the court would have to remand the action to state court or dismiss the case. Here Nicholson was a real named party defendant, not a "Doe" defendant, and thus *McPhail*'s dicta has no persuasive force to these facts.

**IT IS, THEREFORE ORDERED** that Plaintiff's motion to remand, as amended, (Docs. 6, 11) is **GRANTED** and the case is **REMANDED** to the Third Judicial District Court for Dona Ana County, New Mexico.

**IT IS FURTHER ORDERED** that Defendant Nicholson's motions to dismiss (Docs. 8, 24) are **DENIED** as moot.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent